# Hayes, Guardian, v. Kolsky.

### Statutory Trial of the Right of Property.

1. *Appeal by guardian; assignment of errors.*—Where, in a trial of the right of property between the plaintiff in attachment and minors, represented by their guardian, there is an appeal by the claimants from a judgment rendered in said claim suit, the guardian can not assign errors in his individual capacity, nor can he, as guardian, assign errors on matters in which his wards, the claimants, have no interest.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. N. D. DENSON.

The facts of the case are sufficiently stated in the opinion.

ELLISON, JONES & MAYFIELD, for appellant.

WILLIAM M. BETHEA, *contra.*—M. Y. Hayes, as an individual, made no claim to any of the property in question in this case ; and he can not now assign errors in this court, or complain of the rulings of the trial court. This is against the rulings of the supreme court.—*Lehman v. Warner*, 53 Ala. 544; *Treadway v. Treadway*, 56 Ala. 390 ; *Pollak v. Graves*, 72 Ala. 347 ; *Jackson v. Bain*, 74 Ala. 328 ; 3 Brick. Dig., 776, § 5.

COLEMAN, J.—The appellee sued out an attachment against Rolen, which was levied on a stock of goods and merchandise the property of Rolen, the defendant in the

[Hayes, Guardian, v. Kolsky.]

attachment suit. Some few days prior to the levy of the attachment, the defendant had sold the property levied upon, as evidenced by two separate bills of sale, each bill of sale specifying the particular property sold and thereby conveyed, and neither including any of the property embraced in the other. One bill of sale was to certain minors of whom M. Y. Hayes, appellant, was guardian, and the other was to M. Y. Hayes individually. The consideration of the former was in payment of an indebtedness for money belonging to said minors used by Rolen and due said Hayes as their guardian; the consideration of the latter bill of sale was in payment of an indebtedness to Hayes individually. Bond was filed in behalf of the minors and claim interposed to try the right of property as between them and the plaintiff in attachment. No claim was made by Hayes individually, and no bond filed by him to try his right to any of the property levied upon. The only contest, and the only issue made up, was between the plaintiff and the minors represented by their guardian. Hayes individually was not a party to that trial.

Under the instructions of the court, the jury found the issue in favor of the claimants as to all of the property contained in the bill of sale executed to them, and condemned to the satisfaction of plaintiff's demand, the remainder of the property levied upon under the attachment. There was no evidence tending to show, that the claimants owned any interest in the property condemned to pay plaintiff's demand, and they made no claim other than that derived by the bill of sale executed to them. The claimants appeal, and seek to reverse the judgment of the circuit court, not because of any error or injury suffered by them, but because by the rulings of the court a third person, namely Hayes individually, who was not a party to the suit, was injured. We can not consider such questions on this appeal. Hayes in his individual capacity, can not assign errors on the record before us, nor can claimants assign errors on matters in which they have no interest, and which were not in issue on the trial.

Affirmed.